NORMAN E. LEHRER, P.C.
Norman E. Lehrer, Esquire
1205 North Kings Highway
Cherry Hill, New Jersey 08034
856.429.4100
patents@pobox.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| NEW JERSEY DIVORCE CENTER INC., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 13- |
| v. | : | |
| | : | |
| NJ DIVORCE CENTER, | : | COMPLAINT |
| | : | |
| Defendant. | : | |

Plaintiff, for its complaint against Defendant, alleges and avers as follows:

THE PARTIES, JURISDICTION AND VENUE

1.  Plaintiff, New Jersey Divorce Center Inc., is a corporation of the State of New Jersey, having a business address of 2 West Black Horse Pike, Pleasantville, New Jersey 08232.

2.  Defendant, NJ Divorce Center, is a business entity having a business address of 582 N. Broadway, Deepwater, New Jersey 08023.

3. This Court has jurisdiction over Counts I and II of this complaint under 28 U.S.C. §1338(a) and 15 U.S.C. §1121 in that the causes of action stated herein arise under the Trademark Laws of the United States and, particularly, 15 U.S.C. §§1114 and 1125(a). This Court has jurisdiction over the remaining counts herein under the provisions of 28 U.S.C. §1338(b) in that the claims set forth therein are joined with substantial and related claims under the Trademark Laws of the United States. Jurisdiction over the remaining counts is also proper under 28 U.S.C. §1367.

4. Venue is proper in this judicial district under 28 U.S.C. §1391.

FACTS APPLICABLE TO ALL COUNTS

5. Since at least as early as 1981, Plaintiff, utilizing the name DIVORCE CENTER, has provided secretarial and clerical services to persons seeking divorces in the State of New Jersey.

6. Plaintiff conducts its business through several retail stores located around the State of New Jersey (including one in Vineland) and on the Internet. All of the stores and Plaintiff's website on the Internet prominently display the name DIVORCE CENTER.

7. As a result of Plaintiff's long and substantially exclusive use of the name DIVORCE CENTER, the same has acquired secondary meaning and the consuming public has come to recognize that name as identifying the services offered by Plaintiff and by Plaintiff only.

8. On November 16, 2004, United States Service Mark Registration No. 2,902,903 issued to Plaintiff for the mark DIVORCE CENTER. A copy of that registration is attached hereto as Exhibit A.

9. Plaintiff's registration has become incontestable pursuant to 15 U.S.C. §1065.

10. Plaintiff designed its website www.thedivorcecenter.com so as to be distinctive and recognizable by the consumer. It includes, inter alia, a black background with blue lettering and information scrolling across the screen in smaller lettering from right to left.

11. Long after Plaintiff began utilizing the service mark DIVORCE CENTER and long after Plaintiff's website was available online, Defendant adopted the confusingly similar name NJ DIVORCE CENTER and created a website www.njdivorcecenter.com that clearly mimics Plaintiff's website.

12. Defendant provides services under the name NJ DIVORCE CENTER at physical locations (including 77 Market Street in Salem, New Jersey) and on its website that are essentially identical to Plaintiff's and are in direct competition with Plaintiff.

## COUNT I - INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK

13. Plaintiff repeats the allegations of Paragraphs 1-12 above as if fully set forth herein.

14. Defendant's use of the name NJ DIVORCE CENTER, which includes Plaintiff's federally registered mark DIVORCE CENTER, is without permission or authority of Plaintiff and is likely to cause confusion, to cause mistake or to deceive and is, therefore, an infringement of Plaintiff's rights under 15 U.S.C. §1114.

15. On information and belief, all acts done by Defendant were done willfully with the intent to infringe upon Plaintiff's registered service mark.

3

## COUNT II - FEDERAL UNFAIR COMPETITION

16. Plaintiff repeats the allegations of Paragraphs 1-15 above as if fully set forth herein.

17. Defendant's adoption and use of Plaintiff's service mark and the use of its strikingly similar website is without permission or authority of Plaintiff and is likely to cause confusion or mistake or to mislead the relevant public into believing that its services originate with Plaintiff or that Defendant is somehow connected to or related to Plaintiff and, therefore, constitutes a false description and false representation in violation of 15 U.S.C. §1125(a).

18. On information and belief, all acts done by Defendant were done willfully with the intent to infringe upon Plaintiff's rights in violation of 15 U.S.C. §1125(a).

## COUNT III - STATE STATUTORY INFRINGEMENT AND UNFAIR COMPETITION

19. Plaintiff repeats the allegations of Paragraphs 1-18 above as if fully set forth herein.

20. The above-described acts of Defendant also constitute infringement and unfair competition in violation of the statutory laws of New Jersey (N.J.S.A. §56:4-1 to 2).

## COUNT IV - COMMON LAW UNFAIR COMPETITION

21. Plaintiff repeats the allegations of Paragraphs 1-20 above as if fully set forth herein.

22. The above-described acts of Defendant also constitute unfair competition under the common law of New Jersey.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A.  That Defendant, its agents, servants, employees and attorneys and all those persons in active concert or participation with it who receive actual notice hereof be enjoined pendente lite and thereafter from:

(1) utilizing the name DIVORCE CENTER as all or part of its trade name or from otherwise infringing Plaintiff's rights to the name;

(2) utilizing a website that promotes its services and that uses a black background with blue lettering and scrolling text or any features that are confusingly similar to Plaintiff's website.

B.  That Defendant be required to account for and pay over to Plaintiff all gains, profits and advantages derived by Defendant and, in addition, the damages sustained by Plaintiff as a result of Defendant's infringement and unfair competition together with legal interest from the date of accrual thereof and that, because of the willful nature of such infringement and unfair competition, and pursuant to 15 U.S.C. §1117 and state law, the Court enter judgment for three times the amount of said damages.

C.  That pursuant to 15 U.S.C. §1117 and state law, Defendant be required to pay Plaintiff the cost of this action and reasonable attorney's fees.

D.  That Plaintiff have such other and further relief as this Court deems just and proper.

NORMAN E. LEHRER, P.C.

By: /s/ *Norman E. Lehrer*
    Norman E. Lehrer
    Attorneys for Plaintiff

5