IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY DIVORCE CENTER, INC., | |
| Plaintiff, | Civil Action No. 13-2490 (JBS/KMW) |
| v. | **FINAL JUDGMENT AND PERMANENT INJUNCTION** |
| NJ DIVORCE CENTER, | |
| Defendant. | |

THIS MATTER having been opened to the court by way of motion [Docket Item 8] by Plaintiff New Jersey Divorce Center, Inc., seeking the entry of a final judgment by default against NJ Divorce Center pursuant to Fed. R. Civ. P. 55(b)(2) and it appearing that the complaint in this matter was filed on April 18, 2013 seeking damages, injunctive relief and attorney's fees as a result of trademark infringement and unfair competition under the Lanham Act and at state and common law for Defendant's use of the term DIVORCE CENTER in connection with its business; and Defendant having not filed an appropriate answer to the complaint despite this Court's Order that it do so; and it appearing that default was duly noted by the Clerk of the Court against Defendant on June 19, 2013; and that the Court, by Order filed October 23, 2013 [Docket Item 9] struck the purported answer of this Defendant because it is a business entity unrepresented by an attorney, and the Court affirmed the Clerk's entry of default and requested a supplemental submission from

Plaintiff's counsel in support of default judgment; Plaintiff has now made that submission consisting of a Memorandum of Law and a Declaration of Richard Kramer [Docket Item 12]; and Plaintiff having provided Defendant with notice of the within motion for default judgment; and the court having reviewed the papers and for good cause having been shown, the Court FINDS:

    1.    This Court has jurisdiction over Counts I and II of the Complaint pursuant to 28 U.S.C. § 1338(a) and 15 U.S.C. § 1121, in that the causes of action stated therein arise under the Trademark laws of the United States, particularly 15 U.S.C. §§ 1114 and 1125(a). The Court has jurisdiction over the remaining Counts of the Complaint pursuant to 28 U.S.C. § 1338(b) and alternatively 28 U.S.C. § 1367.

    2.    Plaintiff registered and owns the valid mark DIVORCE CENTER which has become incontestable pursuant to 15 U.S.C. § 1065. Plaintiff has likewise used its website name www.thedivorcecenter.com in connection with rendering its services in New Jersey.

    3.    Plaintiff has proved that Defendant's use of the name NJ DIVORCE CENTER in connection with Defendant's rendering of divorce assistance services in New Jersey, infringes Plaintiff's federally registered trademark in violation of 15 U.S.C. § 1114. Plaintiff has also proved that Defendant's infringement is willful and with intent to infringe upon Plaintiff's registered

service mark, and that such infringing activity continues and will not cease unless enjoined. Default judgment against Defendant will be entered on Count I.

4. Plaintiff has also proved that Defendant's adoption and use of Plaintiff's service mark DIVORCE CENTER and its use of a strikingly similar website www.njdivorcecenter.com that mimics Plaintiff's website without permission of Plaintiff is likely to cause confusion or mistake and mislead the relevant public into believing Defendant's services originate with Plaintiff; Defendant competes with Plaintiff in New Jersey; Defendant's actions constitute a false description or violation of 15 U.S.C. § 1125(a). Defendant's unfair competition was done willfully and with the intent to infringe upon Plaintiff's rights in violation of 15 U.S.C. § 1125(a). Default judgment against Defendant will be entered on Count II.

5. Plaintiff has also proved that Defendant is liable for statutory infringement and unfair competition in violation of state law, N.J.S.A. § 56:4-1 to 2. Default judgment against Defendant will be entered on Count III.

6. Plaintiff has also proved that Defendant is liable for common law unfair competition under New Jersey law. Default judgment will be entered against Defendant on Count IV.

7. Plaintiff has demonstrated it is entitled to injunctive relief permanently enjoining Defendant from utilizing

3

the name DIVORCE CENTER as all or part of its company name or its domain name, website or email address.

8. The Court will grant Plaintiff's request for attorney's fees. The Lanham Act expressly permits an award of attorney's fees to a prevailing party in "exceptional cases." 15 U.S.C. § 1117(a). "While the statute does not explicitly define the term 'exceptional,' generally a trademark case is exceptional for purposes of an award of attorneys' fees when the infringement is malicious, fraudulent, deliberate or willful." Louis Vuitton Malletier & Oakley, Inc. v. Veit, 211 F. Supp. 2d 567, 585 (E.D. Pa. 2002). "[A] court may infer willfulness from the fact that a defendant refuses to respond to the plaintiff's complaint or subsequent motion for default judgment." Piquante Brands Int'l, Ltd. v. Chloe Foods Corp., Civ. 08-4248, 2009 WL 1687484, at *6 (D.N.J. June 16, 2009). In this case, Defendant has not responded to the Complaint or the motion for default, despite ample opportunity to do so. Moreover, the Court can also find willfulness from the fact that "Defendant adopted the confusingly similar name NJ DIVORCE CENTER and created a website www.njdivorcecenter.com that clearly mimics Plaintiff's website." (Compl. ¶ 11.) See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 538 (D.N.J. 2008) (granting attorney fees based on finding of willfulness because "[t]he fact that Defendant sold goods using marks that were identical to such strong and

4

established marks conclusively demonstrates his desire and purpose to trade upon [Plaintiff]'s goodwill"). The Court will therefore grant Plaintiff's request for attorney's fees.

IT IS on this **15th** day of **November** 2013, **ORDERED, ADJUDGED AND DECREED** that:

1. Defendant, NJ Divorce Center, and its employees, agents, members, affiliates, subsidiaries, officers, directors, representatives, and all those who act in concert or participation with it who receive notice hereof are hereby permanently ENJOINED and RESTRAINED from utilizing the name DIVORCE CENTER as all or part of its company name including the use of the term DIVORCE CENTER as all or part of a domain name, website or email address;

2. NJ Divorce Center shall reimburse Plaintiff for its attorney's fees and costs in connection with this matter in an amount to be determined by the Court. Within 14 days of the entry of this Order, Plaintiff shall submit an appropriate declaration and fee request.

3. Plaintiff's counsel shall cause a copy of this Final Judgment and Permanent Injunction to be mailed to Defendant at all last known addresses.

                                     **s/ Jerome B. Simandle**
                                     JEROME B. SIMANDLE
                                     Chief U.S. District Judge